UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60556-Civ-COHN
MAGISTRATE JUDGE P. A. WHITE

KENNETH JAMES,                           :

     Petitioner,                        :
                                                          SUPPLEMENTAL
v.                                       :       REPORT OF
                                                          MAGISTRATE JUDGE
WALTER A. McNEIL,[1]                     :

     Respondent.                        :
_____

    Kenneth James, a state prisoner confined at Glades Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of armed kidnapping and other offenses entered on a plea of guilty in Broward County Circuit Court case number 00-3844 CF10A.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition the Court has a brief in support of his petition submitted by James, and the response of the state to an order to show cause with multiple exhibits.

---

    [1]Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

James makes the following claims:

1. He received ineffective assistance of counsel at the suppression hearing when his attorney failed to argue that he was not informed of his right to have an attorney present during questioning.

2. His plea was involuntary because the court did not inform him that he thereby would forfeit his right to appeal the denial of the motion to suppress.

On February 15, 2000, James was charged by information with armed kidnapping, robbery with a firearm, aggravated fleeing and eluding, and a misdemeanor charge of driving with a suspended license. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.1][2]

Prior to trial, Jones filed a motion to suppress his statement to the police. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.2] An evidentiary hearing was conducted on the motion on November 6, 2001, at the conclusion of which the motion was denied. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.3] Later that same day, Jones agreed to a negotiated plea whereby he would plead guilty open to the court in exchange for a sentence of eight years in prison followed by two years probation. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.4 at 3] James was sworn in and the court conducted a standard plea colloquy, at the conclusion of which the guilty plea was accepted. [Id. at 4-6] It was also a term of the plea agreement that Jones would proffer testimony against his

---

[2]As will be seen, James filed an earlier §2254 application addressed to the same convictions at issue here in case number 05-61925-Civ-Dimitrouleas. In its response to the order to show cause in this case, the state refers in part to the exhibits filed in that earlier proceeding.

codefendant and testify in accordance with the proffer at a future trial [id. at 3-4], and the prosecutor proceeded to take testimony from James regarding events that occurred on the day of the crimes before the change of plea hearing concluded. [Id. at 8-21]

Starting on November 29, 2001, James commenced efforts to withdraw his plea. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.5] After an amendment to the initial motion, a substitution of counsel, and several hearings, James' request to withdraw the plea ultimately was denied on July 11, 2002. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.6-12] On August 22, 2002, he was sentenced to serve concurrent thirty-year prison terms for the armed kidnapping and armed robbery, plus a lesser term for the fleeing and eluding. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.13-14]

James filed an appeal from the denial of the motion to withdraw the plea, raising the following claims:

> 1.  His motion to withdraw the plea should have been granted because no factual basis for the plea was adduced.
>
> 2.  He was entitled to conflict-free counsel regarding his claim that the plea should have been withdrawn where he did not understand that he would be required to testify against his codefendant.
>
>> [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.16]

On November 10, 2004, the denial of the motion to withdraw the plea was upheld in a written opinion, where the court determined that the failure to adduce a factual basis for the plea was not prejudicial because the probable cause affidavit contained sufficient facts for the court to accept the plea, and that the

asserted lack of conflict-free counsel was belied by the record. James v. State, 886 So.2d 1032 (Fla. 4 DCA 2004). [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.19] James' convictions thus became final for federal purposes ninety days thereafter, on February 8, 2005. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)(conviction is final when judgment of conviction has been rendered, availability of appeal exhausted, and time for petition for certiorari elapsed or petition is denied); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002).

On April 13, 2005, James submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, arguing that he received ineffective assistance of counsel in connection with the plea, because his lawyer told him that he would be sentenced to eight years in prison and would not have to testify against his codefendant. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.21] Following a response by the state, the collateral trial court denied relief on June 28, 2005 [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.24], and that result was summarily affirmed without comment, James v. State, 914 So.2d 973 (Fla. 4 DCA 2005)(table), with the mandate issuing on November 22, 2005. [Case No. 05-61925-Civ-Dimitrouleas, DE 12, Ex.27-28]

On December 13, 2005, James filed his first petition for §2254 relief in case number 05-61925-Civ-Dimitrouleas. In that petition, James asserted claims that: 1) he was denied an evidentiary hearing in his state collateral proceeding; 2) he received ineffective assistance of counsel with respect to his plea; 3) there was no factual basis for the plea; and 4) trial counsel labored under a conflict of interest. On April 14, 2006, the Honorable William P. Dimitrouleas, District Judge, entered a comprehensive final judgment, rejecting the claim that there was no factual basis for

the plea on the merits and determining that the remaining three claims were unexhausted. [DE 15, Ex.2-2][3] The petition therefore was dismissed for lack of exhaustion of state court remedies. [Id.] See Anderson v. Harless, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted).

James thereupon returned to the state forum and submitted a second motion for Rule 3.850 relief on July 19, 2006, raising the same two claims he makes in the instant federal petition. [DE 15, Ex.2-3] The state argued in its response that the claims were impermissibly successive and thus subject to dismissal as an abuse of procedure [DE 15, Ex.2-4], and the collateral trial court thereafter dismissed the petition for the reasons stated in the response. [DE 15, Ex.2-5] That result was affirmed without comment, James v. State, 945 So.2d 522 (Fla. 4 DCA 2006)(table), with the mandate issuing on February 16, 2007 [DE 15, Ex.2-9, 2-10], and this federal proceeding ensued on April 11, 2007.[4]

An initial report was submitted in this case, recommending that the matter be dismissed for James' failure to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive federal petition. [DE 4] James submitted objections, pointing out that his earlier §2254 application was dismissed for lack of exhaustion rather than denied on the merits [DE 5], and the

---

[3]As of this point the exhibits referenced were filed in the instant case at DE 15.

[4]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

objections were sustained and the matter re-referred to the undersigned for a supplemental report by order of the Honorable James I. Cohn, District Judge. [DE 6]

In its response to the order to show cause, the state correctly acknowledges that this petition was filed within the one-year limitations provision of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. [DE 14 at 4-5] In addition, the state rightfully does not challenge James' instant claims on the basis of the exhaustion requirement. Anderson v. Harless, supra.

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

6

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's

application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002).

In the first claim of this petition, James asserts that he received ineffective assistance of counsel at the suppression hearing when his attorney failed to argue that he was not informed of his right to have an attorney present during questioning, in violation of Roberts v. State, 874 So.2d 1225 (Fla. 4 DCA 2005). In his second claim, James contends that his guilty plea was involuntary because the court did not inform him that he thereby would forfeit his right to appeal the denial of the motion to suppress.

Both of these claims are procedurally defaulted from federal review. When a state court has applied a state procedural bar to a claim, that claim is likewise barred from federal habeas corpus review. Y1st v. Nunnemaker, 501 U.S. 797 (1991); Coleman v. Thompson, 501 U.S. 722, (1991); Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). If the last reasoned opinion on a claim explicitly imposes a procedural default, it is presumed that a later decision rejecting the claim did not silently disregard the procedural bar and consider the merits. Ylst v. Nunnemaker, supra; Harmon v. Barton, 894 F.2d 1268 (11 Cir. 1990). In this case, since the state courts expressly applied a procedural bar to the claims of this federal petition when they were first raised in James' second, successive Rule 3.850 motion, and since the state appellate court affirmed that holding

without opinion, those claims are also procedurally defaulted from federal consideration.

To overcome a procedural bar, a petitioner must demonstrate objective cause for the failure to properly raise the claim and actual prejudice resulting from the error complained of. United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, supra. Here, after the state invoked the procedural bar defense in its response to the order to show cause, James has come forward with nothing to attempt to satisfy the cause and prejudice requirement. Therefore, the two claims of this petition are procedurally barred from consideration on the merits.

Even were that not so, it is apparent that James could not prevail on the merits of either of his claims. In his first claim, he contends that his attorney rendered ineffective assistance at his August, 2002, suppression hearing by failing to argue based on Roberts v. State that he was not properly advised of his right to have an attorney present during questioning. In Roberts v. State, 874 So.2d 1225 (Fla. 4 DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005), the Fourth District Court of Appeal held that the standard Miranda waiver form used by the Broward Sheriff's Office was inadequate to apprise suspects of their rights, since it did not specifically state that an attorney could be present during questioning.

As is readily apparent, the opinion in Roberts was not issued until almost two years after the suppression hearing took place in this case. Florida courts have rejected attempts to have the holding of the Roberts case made retroactively applicable to ineffective assistance of counsel claims on collateral review:

> ... We are seeing a number of these

9

> appeals, in which the time has run for alleging ineffective assistance of counsel in failing to challenge a *Miranda* rights waiver. As is apparent from our opinion in *Roberts*, that decision involved nothing more than an application of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 116 L.Ed.2d 694 (1966) to a confession. We can conceive of no circumstances under which *Roberts* could be the basis of a claim for post-conviction relief based on newly discovered evidence.
>
> As to appellant's claim that *Roberts* is retroactive, first *Roberts* did not change the law, and second, only decisions of the Florida Supreme Court or the United States Supreme Court can be retroactive in post-conviction proceedings. *Witt v. State*, 387 So.2d 922 (Fla. 1980).

Ulcena v. State, 925 So.2d 346 (Fla. 4 DCA 2006).

It is well settled under federal law that an attorney's failure to anticipate a change in the law cannot form the basis for a claim of ineffective assistance. United States v. Ardley, 273 F.3d 991, 993 (11 Cir. 2001); Funchess v. Wainwright, 772 F.2d 682, 691 (11 Cir. 1985). Therefore, in this case, counsel cannot be faulted for failing to foresee in 2002 that the standard rights waiver form then in use would be invalidated in 2004. Under Strickland v. Washington, 466 U.S. 668, 688 (1984), an attorney's performance is to be measured instead on reasonableness under prevailing professional norms. Because counsel's failure in this case to challenge the standard rights waiver two years before it was held to be deficient was reasonable under the professional norms prevailing at that time, it did not amount to constitutionally deficient representation.

James' assertion in his second claim that his guilty plea was

involuntary because the court did not inform him that he thereby would forfeit his right to appeal the denial of the motion to suppress is belied by the record. At the plea colloquy, after James had been sworn, the following exchange occurred:

> THE COURT: Sir, do you understand you waive your right to appeal any error that may have gone on during that jury trial?
>
> JAMES: Yes.
>
> THE COURT: Do you understand you have 30 days of which to appeal what we're doing here today as it relates to whether or not you're voluntarily entering this plea, and whether or not I'm legally sentencing you?
>
> JAMES: Yes.
>
>                \*   \*   \*
>
> THE COURT: Sir, have you had ample opportunity to speak with [defense counsel] Mr. Grasso about possible legal defenses you may have, and you believe it's in your best interest to enter this plea today?
>
> JAMES: Yes.
>
> THE COURT: Did anybody force, threaten, coerce you in any way other than what we talked about on the record in order to get you to enter this plea here today?
>
> JAMES: No.
>
>    [Case No. 05-61925-Civ-Dimitrouleas,
>     DE 12, Ex.4 at 4-7]

It is well settled that statements made during a plea hearing carry a strong presumption of truthfulness and pose a "formidable barrier in subsequent collateral proceedings." Blackledge v.

Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. 1981).  The foregoing excerpts of James' plea colloquy make it readily apparent that he understood that entering into the plea meant forfeiting his right to appeal events that took place prior to entry of the plea, so even if claim two were not procedurally barred it would entitle James to no federal relief.

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Kenneth James, Pro Se
      DC #114554
      Glades Correctional Institution
      500 Orange Avenue Circle
      Belle Glade, FL 33430-5222

      Mitchell A. Egber, AAG
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3428