UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60556-CIV-COHN/WHITE

KENNETH JAMES,

    Petitioner,

v.

WALTER A McNEIL,

    Respondent,
_____/



## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Supplemental Report and Recommendation [DE 16], submitted by United States Magistrate Judge Patrick A. White, regarding Petitioner Kenneth James' *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions entered in Broward Circuit Court, case number 00-3844-CF10A. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, Report and Recommendation, and Mr. James' Objections [DE 21], and is otherwise fully advised in the premises.

    In his Objections, Mr. James does not address the procedural bars that prevent consideration of his claim on the merits, but rather reasserts his basic argument that he is entitled to relief based upon (1) the failure of his counsel to argue that he was not informed of his right to have an attorney present during questioning and (2) the involuntariness of his plea due to the court's failure to advise him that in pleading guilty he would forfeit his right to appeal the denial of his motion to suppress.  For the reasons

explained in the Report and Recommendation, these claims are both procedurally barred due to Mr. James' failure to raise them in his first motion for post-conviction relief in state court. Mr. James has demonstrated neither cause for his failure to properly raise the claims in the original motion nor prejudice resulting from the error complained of. Thus, he cannot overcome the procedural bar, and his claims must be denied.

Even if the claims were not procedurally barred, they would fail on their merits. His counsel's actions do not constitute ineffective assistance because the Miranda waiver form used by the Broward Sheriff's Office in Mr. James' questioning was not invalidated until two years later, in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), and counsel's failure to anticipate changes in the law years before they occur cannot form the basis for an ineffective assistance of counsel claim. See United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001). Additionally, the transcript of the plea colloquy shows that the judge apprised Mr. James fully of the rights that he would be giving up by pleading guilty, including the right to appeal any error that might have gone on during the jury trial. Thus, the record directly contradicts Mr. James' claim that he was not informed that he would forfeit his right to appeal if he plead guilty, and this claim must also be denied.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 16] is **ADOPTED**.
2. Petitioner Kenneth James' Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of June, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Kenneth James, pro se
DC #114554
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL  33430-5222